UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZURI IJEZIE f/k/a ZURI IDEZIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-CV-433-HAB |
| | ) |
| BOWEN HEALTH CENTER, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff has sued Defendant for wrongful termination. Defendant had enough notice of that suit to hire counsel and remove the suit to this Court. Still, Defendant now seeks the dismissal of this case under Ind. Trial R. 41(E), claiming that Plaintiff failed to exercise diligence in serving Defendant.

**I.  Background Facts**

Plaintiff filed her Complaint in the Allen County, Indiana, Superior Court in October 2023. When she filed the case, she was told by the "court clerk" that no other information was required.[1] Plaintiff confirmed this the clerk's statement via Google search, which informed her that the court would issue summons to the Defendant when the complaint was filed.

Plaintiff followed up with Allen Superior Court on the status of her case. She spoke with "Eddie," who told her that all documents had been sent to her attorney, Jerome Slates. Plaintiff took this to mean that Attorney Slates had been appointed as pro bono counsel. But Plaintiff never

---

[1] Defendant moves to strike certain statements in Plaintiff's response, calling them hearsay. This Court joins the Northern District of Illinois, which held that it did "not adopt a strict view of what evidence may be considered at this stage and rejects the proposition that courts evaluating [a motion to dismiss] must exclude potentially inadmissible evidence even if such evidence is competent and reliable." *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19 CV 2648, 2021 WL 83736, at *4 (N.D. Ill. Jan. 11, 2021). Defendant presents no authority to the contrary.

heard from Attorney Slates, and eventually found out that Attorney Slates did not represent her at all. Plaintiff continued to follow up with Allen Superior Court and, in August 2024, was told by Judge Jennifer DeGroote that Plaintiff would need to serve the summons herself.

It is unclear whether the complaint and summons were ever served on Defendant. Plaintiff contends that it was, with service achieved on September 7, 2024, and signed by Linda Smith. Defendant, in its Petition for Removal, claims that it was never served, and that Defendant only learned about this case by finding it "on its own" "in the court system." (ECF No. 1 at 1). In any event, Defendant retained counsel and removed the case to this Court. It then filed the instant motion to dismiss. (ECF No. 4).

**II.    Legal Analysis**

Because the issue turns on service of a state court complaint before removal, state law procedural rules apply. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-23 (7th Cir. 2001). Defendant moves under Ind. Trial R. 41(E) which, along with Ind. Trial R. 4, requires "due diligence to secure service of process." *Geiger and Peters, Inc. v. Am. Fletcher Nat. Bank & Trust Co.*, 428 N.E.2d 1279, 1283 (Ind. Ct. App. 1981). Indiana courts have interpreted the rules to mean that "[i]f the person seeking service fails without cause for 60 days or more to provide the clerk with the required summons for issuance or with other information necessary to effectuate service, that person has failed to exercise due diligence in securing service of process." *Id*. It is undisputed that Plaintiff did not effectuate service within 60 days.

To read Defendant's briefs, one might think that dismissal is a mandatory sanction. But that's not how T.R. 41(E) works. Dismissal is discretionary on the face of the Rule, as "[d]ismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the

2

court in its discretion determines to be necessary to assure such diligent prosecution." T.R. 41(E). And "[d]ismissals are generally viewed with disfavor and are considered extreme remedies that should be granted only under limited circumstances." *Bank of Am., N.A. v. Congress-Jones*, 122 N.E.3d 859, 864 (Ind. Ct. App. 2019).

Indiana law sets out nine factors for a court to consider when deciding whether to dismiss a case for failure to prosecute.

> These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of the attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Id*. The weight given to the factors depends on the facts of the case. *Id*.

Neither Plaintiff nor Defendant discusses these factors at all—Plaintiff because she's pro se and almost certainly unaware of them, and Defendant, maybe, because they don't support dismissal. Perhaps the length of delay supports dismissal, but Plaintiff has put forward reasons for the delay. Most importantly, Defendant does not claim any prejudice from the delay, nor can the Court imagine any. The Court sees little reason to impose the "extreme remedy" of dismissal, particularly where Defendant has not discussed the relevant factors.

Let there be no confusion—this Order is not carte blanche for Plaintiff to violate the Court's procedural rules. If Plaintiff will proceed pro se, she must learn about those rules. Relying on Google is not enough. But at this point, the Court will not forgo a merits review of Plaintiff's case based on her ignorance of Indiana's service requirements.

3

**III.     Conclusion**

For these reasons, Defendant's motion to dismiss (ECF No. 4) is DENIED.

SO ORDERED on January 14, 2025.

                                               s/ *Holly A. Brady*
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT