UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZURI IJEZIE, *formerly known as* Zuri Mapenzi Ke, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| | ) ) CAUSE NO. 1:24-cv-00433-HAB-ALT |
| BOWEN HEALTH CENTER/ COMPANY/COOPERATION, | ) ) ) ) |
| Defendant. | ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Bowen Health Center/Company/Cooperation's ("Bowen") Motion to Strike Portions of Plaintiff Zuri Ijezie's Complaint (ECF 19), along with a supporting brief (ECF 20), filed on June 9, 2025, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff, proceeding *pro se*, responded to the motion on June 13, 2025. (ECF 21). Bowen did not file a reply and the time to so has since passed. *See* N.D. Ind. L.R. 7-1(d)(3). Accordingly, the motion is ripe for adjudication, and it will be DENIED.

**A. Factual and Procedural Background**

On October 24, 2023, Plaintiff Zuri Ijezie brought a civil rights claim against Defendant Bowen Health Center/Company/Cooperation ("Bowen") in Allen Superior Court. (ECF 3). Bowen removed the case to this Court on October 16, 2024. (ECF 1). On November 18, 2024, Bowen filed a motion to dismiss, which was denied by Chief Judge Holly A. Brady on January 14, 2025. (ECF 4, 8).[1]

---

[1] Of note, Bowen filed a reply brief to its motion to dismiss which included a motion (ECF 7 at 2-3) to strike certain statements from Ijezie's response (ECF 6) to the motion to dismiss (ECF 4) as hearsay, yet Chief Judge Holly A. Brady denied that motion, reasoning against "a strict view of what evidence may be considered at this stage" and rejecting the proposition that the court "must exclude potentially inadmissible evidence even if such evidence is competent and reliable[]" (ECF 8 at 1 n.1 (quoting *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19 CV 2648, 2021 WL 83736, at *4 (N.D. Ill. Jan. 11, 2021))).

On June 9, 2025, Bowen filed a motion to strike portions of Ijezie's complaint that reference an administrative law judge's ("ALJ") findings from an Indiana unemployment compensation proceeding under the premise that such statements are immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f). (ECF 19, 20; *see* ECF 3-1 at 4-6). Bowen contends that the ALJ's findings are inadmissible hearsay and should be stricken under Seventh Circuit case law interpreting the federal rules of evidence. (ECF 20 at 3-5). Specifically, Bowen takes aim at Ijezie's assertion in the complaint that the ALJ stated "Plaintiff was discharged but not for just cause as defined by Indiana Code 22-4-15-1(a)." (ECF 3 at 5; *see* ECF 3-1 at 5). Ijezie responded by arguing that the ALJ's findings "established the financial responsibility and the law of employment." (ECF 21 at 1).

### B.  Applicable Legal Standard

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources, *see Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay[,]" *Heller Fin., Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). "But where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*.

Rule 12(f) "permits a district court to strike portions of a pleading '[u]pon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party.'" *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1399 (7th Cir. 1991) (alteration in original) (citation omitted). Yet, it is also understood that "Rule 12(f) . . . allow[s] a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord

despite the fact that its attention was prompted by an untimely filed motion." *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842, 845 (N.D. Ill. 2014) (quoting *Williams*, 944 F.2d at 1399).

### C. Analysis

Bowen claims that the reference in the complaint to the findings from the ALJ's unemployment compensation hearing should be stricken for at least two reasons. First, "Indiana law specifically provides that any factual determinations made as a result of an unemployment compensation benefit proceeding have no preclusive effect in other proceedings." (ECF 20 at 3 (citing *Higgs v. Repay*, No. 2:21-CV-164-PPS, 2024 WL 639384, at *8 (N.D. Ind. Feb. 14, 2024)). Second, Bowen argues that the Seventh Circuit Court of Appeals precludes "findings issued in an unemployment compensation proceeding because they are not admissible in federal civil actions." (*Id.* at 4 (citing *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 576 (7th Cir. 2021); *Wittenberg v. Wheels, Inc.*, 963 F. Supp. 654, 660 (N.D. Ill. 1997))). The proposition argued by Bowen, under this line of cases, is that the rule against hearsay prohibits the inclusion of out-of-court statements offered to prove the truth of the matter asserted in a complaint. *See, e.g., Khungar*, 985 F.3d at 576 ("Second, Khungar argues that the complaints are inadmissible hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." (citation omitted). These arguments are unpersuasive.

Perhaps most importantly, the procedural posture of the motion to strike in this case is unlike that of the cases on which Bowen relies. Starting with *Higgs*, 2024 WL 639384, at *8, the Court notes that the discussion of the ALJ's findings in that case is cast in the backdrop of summary judgment. As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citation and internal quotation marks omitted). Contrarily, no

summary judgment motions have been filed in this case and discovery is ongoing, given the deadline is March 19, 2026. (*See* ECF 15). Consequently, the parties are not yet confronted with the requirement to expose their evidence as if a trier of fact would weigh it. *See Johnson,* 325 F.3d at 901. Likewise, Bowen's reliance on the ruling in *Khungar*, 985 F.3d at 576, is equally dooming as that opinion also concerns a summary judgement motion.

Bolstering this Court's conclusion, it is noteworthy that Chief Judge Holly A. Brady previously denied a similar motion to strike by Bowen embedded in the reply brief to its motion to dismiss. (ECF 8). There, Ijezie responded to Bowen's motion to dismiss by asserting certain statements, which Bowen believed to be hearsay, in violation of Federal Rule of Evidence 802. (ECF 6; ECF 7 at 2). Yet, Chief Judge Brady disagreed, finding that a strict view of what evidence may be considered at the motion to dismiss stage was not necessary even if the evidence was inadmissible. (*See* ECF 8 at n.1).

The instant motion to strike is presented to the Court outside of the ambit of a motion to dismiss, but the logic flows congruently, as other courts in this circuit have similarly reasoned in denying motions to strike hearsay statements. *See, e.g., Aleman v. Dart,* No. 09-CV-6049, 2010 WL 4876720, at *1 (N.D. Ill. Nov. 23, 2010) ("Defendants request that the Court strike all references to the DOJ Report from the complaint because the report is inadmissible at trial under the hearsay rule and . . . is not relevant . . . . Defendants' arguments lack merit at the pleading stage. If . . . Defendants wish to limit the use of the DOJ Report at *later stages* of the case, they may raise appropriate arguments in summary judgment briefing or in a pretrial motion in limine." (emphasis added) (internal citation omitted)); *Arias v. Citgo Petroleum Corp.*, No. 17-CV-08897, 2018 WL 11467501, at *3 (N.D. Ill. Aug. 29, 2018) ("The motion to strike this allegation is denied. First, this allegation is not impertinent, as it may relate to the motivation behind Citgo's alleged retaliation against Arias. Second, while Citgo argues without support that the allegation is based only on rumor, it is possible that the factual basis behind the allegation

could be developed during discovery." (collecting cases)); *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251, at *4 (N.D. Ill. Apr. 13, 2015) (rejecting Defendant's motion "to strike paragraphs 70–72 of Plaintiffs' Complaint because they allegedly contain immaterial facts and hearsay statements[,]" and reasoning that the statements are not offered for the truth of the matter).

Here, the Court envisages no reason to strike the ALJ's findings from the complaint. It is unclear how, at the discovery stage, that the motion to strike expedites this case. As previously stated, a summary judgment motion is not before the Court and no trier of fact has observed the ALJ's findings. Further, Bowen's reliance on the Federal Rules of Evidence in arguing for a motion to strike a portion of the complaint appears inapposite to the standard of review under Federal Rule of Civil Procedure 12(f), which concerns redundant, immaterial, impertinent, or scandalous matters. The inclusion of the ALJ's findings in the complaint fits none of those categories and thus this argument is unconvincing. *See Patel v. Bd. of Governors of State Colls. & Univs.*, No. 92 C 8300, 1995 WL 573418, at *3 (N.D. Ill. Sept. 22, 1995) ("The court does not find anything redundant, immaterial, impertinent, or scandalous about [the ALJ's findings] . . . ." (internal quotation marks omitted)).

Lastly, Ijezie's complaint was filed in October 2023 (ECF 3), raising further dubiety as to the merit in Bowen's motion to strike. *See QFS Transp., LLC v. Intermodal Cartage Co.*, LLC, No. 1:22-cv-02356-TWP-MJD, 2023 WL 8527207, at *4 (S.D. Ind. Sept. 8, 2023) ("[T]he time limits in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit. Here, however, the Motion to Strike does not seem to have merit." (citation, internal quotation marks, and brackets omitted)); *NEXT Millennium Telecom Co. v. Am. Signal Corp.*, No. 20-CV-178-JPS, 2022 WL 9393542, at *4 (E.D. Wis. Oct. 14, 2022) ("In light of the untimeliness of the motion and the general disfavor towards granting motions to strike, . . . the Court will deny the motion . . . ." (internal citation omitted)); *Williams-Roberts v. Coloplast Corp.*, No. 2:19-CV-42-

JTM-JEM, 2021 WL 3038406, at *1 (N.D. Ind. July 19, 2021) ("The Court recognizes the authority finding that it may consider the arguments raised in the motion to strike despite its untimeliness. However, the instant motion was extremely untimely . . . . Accordingly, the Court will not address Plaintiffs' untimely motion in depth." (citations omitted)). Here, although there is discretion to grant the motion to strike despite the fact the complaint was filed almost two years ago, the Court will decline to do so for the aforementioned reasons. Accordingly, Bowen's motion to strike (ECF 19) will be denied.

### D.  CONCLUSION

For the foregoing reasons, Bowen Health Center/Company/Cooperation's Motion to Strike Portions of Plaintiff Zuri Ijezie's Complaint (ECF 19) is DENIED.

SO ORDERED.

Entered this 20th day of August 2025.

/s/ Andrew L. Teel  
Andrew L. Teel  
United States Magistrate Judge